J-S33003-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JOHN RUSSELL MITCHELL | |
| Appellant | No. 1790 WDA 2015 |

Appeal from the PCRA Order November 2, 2015
in the Court of Common Pleas of Fayette County Criminal Division
at No(s): CP-26-CR-0001427-1999

BEFORE: GANTMAN, P.J., OLSON, J., and FITZGERALD,[*] J.

MEMORANDUM BY FITZGERALD, J.:    FILED: June 29, 2016

Appellant, John Russell Mitchell, appeals *pro se* from the order of the Fayette County Court of Common Pleas dismissing his fifth Post Conviction Relief Act[1] ("PCRA") petition as untimely.  Appellant, in relevant part, asserts the petition should be deemed timely under 42 Pa.C.S. § 9545(b)(1)(i) and (ii), because he recently discovered the prior PCRA court interfered with his ability to raise his claims for relief.  We affirm.

This Court previously adopted the following summary of the factual background of Appellant's June 13, 2000 judgment of sentence:

> In the early morning hours of October 24, 1999, Jane Walters was asleep on the living room sofa of her residence when she was awakened by a noise emanating from the kitchen area.  Upon entering the kitchen to

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

> inspect the source of the noise, she encountered [Appellant].
>
> When Ms. Walters asked [Appellant] what he wanted, [Appellant] stated that he wanted money. [Appellant] also told her "if you scream, I'll kill you." When Ms. Walters screamed, [Appellant] struck her in the head repeatedly and with great force. [Appellant] placed his hands around her throat and choked her until she lost consciousness.
>
> After [Appellant] fled the scene, Ms. Walters regained consciousness and managed to dial 911. As a result of the incident, Ms. Walters suffered three skull fractures and several contusions to the surface of the brain tissue, as well as other injuries. [Appellant] also took Three Hundred ($300.00) Dollars in cash from Ms. Walters' wallet.

*Commonwealth v. Mitchell*, 1169 WDA 2000 (Pa. Super. Feb. 5, 2001) (unpublished memorandum at 3), *appeal denied*, 135 WAL 2001 (Pa. July 17, 2001).

Appellant was charged, in relevant part, with attempted murder generally,[2] aggravated assault causing or attempting to cause serious bodily injury,[3] and robbery inflicting serious bodily injury.[4] At trial, Appellant testified that he did not remember striking the victim with a hammer and did not intend to kill her. *Id.* On June 8, 2000, a jury found Appellant guilty of attempted murder generally, robbery, and related offenses.

---

[2] 18 Pa.C.S. §§ 901, 2501.

[3] 18 Pa.C.S. § 2702.

[4] 18 Pa.C.S. § 3701.

On June 13, 2000, the trial court imposed a sentence of sixteen to thirty-two years' imprisonment for attempted murder and a consecutive sentence of five to ten years' imprisonment for robbery. On June 26, 2000, thirteen days after Appellant was sentenced, the United States Supreme Court decided **Apprendi v. New Jersey**, 530 U.S. 466 (2000), and held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." **Apprendi**, 530 U.S. at 490. Appellant took a direct appeal, and this Court affirmed the judgment of sentence on February 5, 2001.[5] **Mitchell**, 1169 WDA 2000, at 1. The Pennsylvania Supreme Court denied allowance of appeal on July 17, 2001. **Commonwealth v. Mitchell**, 135 WAL 2001 (Pa. July 17, 2001).

Appellant, acting *pro se*, filed a first timely PCRA petition in June of 2002, and the PCRA court appointed counsel. Appointed PCRA counsel filed a petition to withdraw in September of 2002, after which the court, on January 17, 2003, issued a Pa.R.Crim.P. 907 notice of intent to dismiss the

---

[5] Appellant, in his direct appeal, challenged the sufficiency of the evidence and the discretionary aspects of his sentence. When addressing Appellant's sentencing challenge, this Court noted, "The sentences in this matter were undisputedly within the statutory limits." **Mitchell**, 1169 WDA 2000, at 6 (citing 18 Pa.C.S. § 1103). The Court, however, did not discuss 18 Pa.C.S. § 1102(c), which governed the sentence for attempted murder.

petition and an order granting appointed counsel leave to withdraw.[6]  On February 12, 2003, Appellant filed a *pro se* response to the court's Rule 907 notice and requested new counsel.[7]  On February 14, 2003, the court dismissed Appellant's first petition without a hearing.

Appellant did not appeal the denial of his first PCRA petition, but filed a *pro se* "Amended Petition under the Post-Conviction Relief Act," which the PCRA court received on October 8, 2003.  The court regarded Appellant's filing as a second PCRA petition and on October 14, 2003, issued a notice of intent to dismiss.  Appellant filed a response.  The court did not enter a final order disposing of the second petition, and Appellant, one-and-a-half years later, filed a notice of appeal on April 5, 2005.  This Court quashed the appeal.  On July 18, 2005, however, the PCRA court entered the final order dismissing Appellant's second PCRA petition, from which Appellant took a *pro se* appeal.  This Court affirmed the dismissal of Appellant's second PCRA petition as untimely, and the Pennsylvania Supreme Court denied allowance

---

[6] First PCRA counsel's petition to withdraw referred to a brief in support of her contention that Appellant's PCRA petition was frivolous.  However, she did not indicate that she forwarded a copy of the brief to Appellant or apprised him of his right to proceed *pro se* or with privately retained counsel.  **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). We note the first PCRA court's Pa.R.Crim.P. 907 notice referred to Appellant's right to proceed *pro se* or with private counsel.  A copy of first PCRA counsel's no-merit letter is not in the certified record.

[7] Appellant also filed a *pro se* petition for sentencing credit on January 31, 2003.  The PCRA court initially granted the petition, but then rescinded the order granting credit.

of appeal on November 8, 2006. *Commonwealth v. Mitchell*, 1356 WDA 2005 (Pa. Super. Mar. 3, 2006) (unpublished memorandum at 5), *appeal denied*, 253 WAL 2006 (Pa. Nov. 8, 2006).

Appellant, on August 16, 2011, filed a petition, and on May 16, 2012, also filed a *pro se* "Petition for Redress," which the PCRA court, on June 5, 2012, dismissed.[8] Appellant took an appeal, and this Court affirmed the dismissal of those petitions as an untimely third PCRA petition. *Commonwealth v. Mitchell*, 1096 WDA 2012 (Pa. Super. Jan. 24, 2013).

On May 13, 2015, Appellant filed a *pro se* PCRA petition, his fourth. In that petition, Appellant placed a check mark next to the statement that his sentence exceeded the statutorily authorized maximum sentence and asserted his sentence is illegal in light of *Alleyne v. United States*, 133 S. Ct. 2151 (2013). On May 20, 2015, the PCRA court issued a notice of intent to dismiss the petition. The record contains Appellant's *pro se* response, which the PCRA court received on June 8, 2015, and which cited *Alleyne* as a new constitutional rule or a newly discovered fact. The court entered an order dismissing the petition on June 11, 2015. Appellant filed a timely appeal, which he subsequently discontinued.

---

[8] We note that Appellant also filed *pro se* writs of mandamus, which the trial court denied on June 7, 2011. In those writs, Appellant sought the return of money from the Department of Corrections. This Court vacated the trial court's order denying the mandamus relief, concluding that the court of common pleas lacked subject matter jurisdiction. *Commonwealth v. Mitchell*, 986 WDA 2011 (Pa. Super. Dec. 23, 2011) (judgment order at 2).

On September 24, 2015, the PCRA court received Appellant's fifth *pro se* PCRA petition, alleging that (1) his sentence was illegal under ***Apprendi*** and (2) direct appeal and first PCRA counsel were ineffective for failing to preserve an illegal sentence claim. The PCRA court filed a notice to dismiss on October 8, 2015, which read:

> b) [Appellant's] Petition for Post-Conviction Collateral Relief claims eligibility for relief based on the following:
>
>> 1) The ineffectiveness of counsel.
>
> c) [Appellant's] petition is untimely, and he makes no assertion to the contrary. The timing requirements of the PCRA are jurisdictional. ***Commonwealth v. Fahy***, 737 A.2d 214, 222 (Pa. 1999). Pennsylvania courts have no jurisdiction to address claims in an untimely PCRA petition no matter how serious the assertions raised therein, even if they concern an illegal sentence of death. ***Id.***
>
>> 1) The Court lacks jurisdiction to entertain this third Petition filed pursuant to the Post-Conviction Relief Act.

Order, 10/6/15, at 1-2.[9] Appellant did not respond to the notice, and the PCRA court dismissed Appellant's petition by an order docketed on November 2, 2015. Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement.

Appellant presents the following questions for review in his *pro se* brief:

---

[9] Although captioned as an "order," the PCRA court's Pa.R.Crim.P. 907 notice advised Appellant of his right to respond within twenty days to the proposed dismissal. Order, 10/6/15, at 3.

Did the PCRA Court abuse its discretion by dismissing the PCRA of [Appellant], without addressing all of the Claims raised by [him], where [the court] only addressed the Ineffective Counsel Claim, without going into specific legal reasons why the Ineffective Counsel Claim is eligible or not eligible for relief.

Did the PCRA Court abuse its discretion by not addressing [Appellant's] Layered Ineffective Assistance of Counsel, where he demonstrated that his Trial Counsel, Direct Appeal Counsel, and PCRA Counsel were all Ineffective.

Did the PCRA Court abuse its discretion and err by not addressing [Appellant's] Illegal Sentence Claim, where he properly demonstrated that his Sentence of 16 to 32 years for Attempted Homicide was Illegal pursuant to *Apprendi* . . . regarding the sentence enhancement pursuant to 18 Pa.C.S. §1102(c), as [he] was not charged with Attempted Homicide with Serious Bodily Injury, he was not put on Notice that he could receive an enhanced sentence of up to 40 years, when the Statutory Maximum was 20 years, [the] Jury was not ever charged with the element of Serious Bodily Injury for the Attempted Homicide, nor was the Jury asked to render a Verdict on the element of Serious Bodily Injury as a Sentence enhancement for Attempted Homicide, thus the Statutory Maximum sentence that [he] could receive was 10 to 20 years for Attempted Homicide. [The trial court] also abused his discretion and erred by failing to impose an individualized sentence upon [him] by not Ordering a PSI report to observe and consider in formulating a proper sentence worthy of [his] rehabilitative needs or his Prior Record Score.

Did the Trial Court abuse its discretion and violate [Appellant's] 6th Amendment Right to Counsel by failing to appoint Counsel . . . until approximately 43 days after his arrest and detention. Said Counsel was not appointed . . . until after he was forced to Waive his Preliminary Hearing and his Formal Arraignment due to him not having Counsel to represent him at critical stages of his Criminal Process. The fact of not having Counsel appointed to represent him was clearly demonstrated by him through his Criminal Docket Sheet.

Appellant's Brief at 6.

Preliminarily, we must consider whether the instant PCRA petition, Appellant's fifth, was timely filed. *See Fahy*, 737 A.2d at 223. Appellant, for the first time on appeal, asserts (1) the PCRA court's Pa.R.Crim.P. 907 notice was deficient, (2) the PCRA court obstructed the presentation of his claims by permitting appointed counsel in his first PCRA proceeding to withdraw without challenging the legality of his sentence, and (3) he has been denied access to publically available legal information and without counsel for "the last 16 years." Appellant's Brief at 18-19. Appellant relies on *Commonwealth v. Burton*, 121 A.3d 1063 (Pa. Super. 2015) (*en banc*), *appeal granted*, ___ A.3d ___, 2016 WL 1366958 (Pa. Apr. 6, 2016), to support his assertion that he exercised reasonable diligence in asserting his present claims for relief. We conclude Appellant's attempts to argue a timeliness exception on appeal are waived and, in any event, would not excuse the more than twelve-year delay in filing the instant petition.

Our standard of review is well-settled:

> In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. . . . [T]his Court reviews the PCRA court's legal conclusions *de novo*.

*Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (citations omitted).

"[W]hen 'a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition.'" ***Id.*** (citations omitted). The PCRA time limitations are not subject to the doctrine of equitable tolling and all claims, including legality of sentencing challenges, must be presented in a timely PCRA petition. ***Fahy***, 737 A.2d at 222-23.

Section 9545(b)(1) codifies the relevant timeliness requirements as follows:

> **(b) Time for filing the petition.—**
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>>
>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>>
>> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

All arguments, including those seeking relief from the PCRA time-bar, must be raised and presented to the PCRA court. ***See*** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for

the first time on appeal."); ***Commonwealth v. Lewis***, 63 A.3d 1274, 1278-79, 1280 n.3 (Pa. Super. 2013) (citations omitted); ***accord*** 42 Pa.C.S. § 9545(b)(1) (requiring "petition allege[ ] and the petitioner prove[ ] a timeliness exception under Section 9545(b)(1)(i), (ii), or (iii)"). Similarly, a claim that PCRA counsel was ineffective generally must be raised at the first opportunity to do so in the PCRA court. ***See Commonwealth v. Henkel***, 90 A.3d 16, 20-30 (Pa. Super. 2014) (*en banc*), *appeal denied*, 101 A.3d 785 (Pa. 2014).

Instantly, there is no dispute that Appellant's fifth petition, filed in September 2015, is untimely on its face. Appellant's sentence became final on October 15, 2001, when the ninety-day limit to petition the United States Supreme Court for writ of certiorari in his direct appeal expired. ***See*** 42 Pa.C.S. § 9545(b)(1), (3); ***see also*** U.S. Sup. Ct. R. 13. The one-year statutory limit for filing a facially timely PCRA petition expired on October 15, 2002, and the instant petition was filed more than twelve years after that deadline passed. ***See*** 42 Pa.C.S. § 9545(b)(1), (3).

Regarding Appellant's assertion of defects in the PCRA court's Pa.R.Crim.P. 907 notice, the record belies his contention that he was unable to discern the basis for dismissal. As noted above, the court's notice informed Appellant that a timeliness exception under 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), must be established, and the instant "petition d[id] not allege any exception to the time for filing petition." ***See*** Order,

- 10 -

10/6/15, at 2. Although Appellant complains that statement was directed only to his claim of ineffective assistance of counsel, the court's notice noted that it was not able to address claims in an untimely petition even if they concerned an illegal sentence. **See id.** at 1-2. Thus, Appellant's challenge to the adequacy of the Rule 907 notice is frivolous.

A review of Appellant's *pro se* petition reveals that Appellant did not preserve his assertions of governmental interference or the ineffectiveness of first PCRA counsel. Therefore, Appellant's arguments addressing the PCRA time-requirements on appeal are waived. **See** Pa.R.A.P. 302(a); **Lewis**, 63 A.3d at 1278-79, 1280 n.3.

In any event, Appellant assertions on appeal would not merit relief from the PCRA time-bar. Because **Apprendi** was decided after he was sentenced but before his conviction became final, his contention that his sentence for attempted murder exceeded a lawful maximum sentence could have been raised on direct appeal or in his first PCRA petition. Moreover, this Court discussed the applicability of **Apprendi** to the sentencing scheme for attempted murder in **Commonwealth v. Johnson**, 910 A.2d 60 (Pa. Super. 2006), a decision issued on September 26, 2006. Appellant, however, made no prior efforts to raise this claim.

Further, although Appellant asserts that first PCRA counsel was ineffective and the first PCRA court interfered with his ability to raise his claims, the facts underlying those assertions were within his possession no

later than February 14, 2003, when the PCRA court dismissed his first PCRA petition without a hearing. Accordingly, Appellant cannot claim reasonable diligence in discovering the facts that would excuse the filing of the instant petition in September 2015. That Appellant may have recently discovered a legal theory to advance his claims of governmental interference, ineffective assistance of counsel, or an illegal sentence does not constitute a recognized exception under 42 Pa.C.S. § 9545(b)(1)(i)-(iii), but rather seeks an equitable exception to the PCRA time-bar.[10]

Thus, we agree with the PCRA court that the instant petition was untimely and that it did not have jurisdiction to consider Appellant's substantive claims for relief. *See Fahy*, 737 A.2d at 222-23; *Miller*, 102 A.3d at 992.

Order affirmed.

Gantman, P.J. has joined the Memorandum.

Olson, J. Concurs in the Result.

---

[10] A sage jurist mused that when a law relies too heavily on fictions, the law itself becomes a fiction. As this case illustrates, it is unrealistic to impose on a *pro se* PCRA petitioner the burden of identifying claims at the earliest opportunity in the PCRA court, particularly when appointed counsel overlooked an issue and was granted leave to withdraw. Nevertheless, the PCRA timeliness requirements and the presumptions our courts apply often require seemingly harsh outcomes. *Cf. Commonwealth v. Brown*, 943 A.2d 264, 270-72 (Pa. 2008) (Castille, C.J., concurring); *id.* at 272-73 (Baer, J., dissenting). That we must follow the law does not ease the concerns that we sacrifice remedies for possible violations of a constitutional right, as well as the PCRA's rule-based rights to counsel, for the sake of finality.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/29/2016